**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: scott@bursor.com
        ltfisher@bursor.com
        apersinger@bursor.com
        ykrivoshey@bursor.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ARVISO and SCHAMINKA WEAVER, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>SMARTPAY LEASING, INC., BETTER FINANCE, INC., and BILLFLOAT, INC.,<br><br>     Defendants. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiffs Linda Arviso and Schaminka Weaver ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following on information and belief, except that Plaintiffs' allegations as to their own actions are based on personal knowledge:

## NATURE OF THE ACTION

1.      Plaintiffs bring this action for injunctive relief and statutory damages arising out of and relating to the conduct of Smartpay Leasing, Inc., Better Finance, Inc., and Billfloat, Inc., (collectively, "Defendants") in negligently, knowingly, and willfully contacting Plaintiffs and class members on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA").

2.      Defendants have violated the TCPA by contacting Plaintiffs and class members on their cellular telephones via an "automatic telephone dialing system" (referred to as an "autodialer" herein), as defined by 47 U.S.C. § 227(a)(1), without the prior express consent within the meaning of the TCPA.

## PARTIES

3.      Plaintiff Arviso is, and at all times mentioned herein was, a resident of Wilmington, California and a citizen of the State of California.

4.      Plaintiff Weaver is, and at all times mentioned herein was, a resident of Brooklyn, New York and a citizen of the State of New York.

5.      Defendant Smartpay Leasing, Inc. is a Delaware corporation headquartered in San Francisco, California.

6.      Defendant Better Finance, Inc. is a corporation headquartered in San Francisco, California.

7.      Defendant Billfloat, Inc. is a Delaware corporation headquartered in San Francisco, California.  Defendant Billfloat, Inc. and Better Finance, Inc. are the same company. Billfloat, Inc. changed its name to Better Finance, Inc. in 2014, but remains an "active"

corporation registered with the California Secretary of State, whereas Better Finance, Inc. is not registered with the California Secretary of State.

8.      Defendants Billfloat, Inc. and Smartpay Leasing, Inc. share identical office locations and are headquartered at 417 Montgomery St, STE 600, San Francisco, California 94104.  As Billfloat, Inc. and Better Finance, Inc. are the same company, each of the named Defendants, including Smartpay Leasing, Inc. are headquartered at the same physical location in San Francisco.  Upon information and belief, Defendants Billfloat, Inc., Better Finance, Inc., and Smartpay Leasing, Inc. share common officers and employees.

9.      Defendants were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants.

10.      Each of the Defendants controlled or had the right to control the manner and means of the individual Defendant's or Defendants' use of an autodialer to call Plaintiffs on their cell phones.

## JURISDICTION AND VENUE

11.      This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed Class; (b) some members of the proposed Class have a different citizenship from Defendants; and (c) the claims of the proposed Class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

12.      This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

13.     This Court has personal jurisdiction over Defendants Smartpay Leasing, Inc.,

Billfloat, Inc., and Better Finance, Inc. because they are headquartered in California and conduct

substantial business within California, such that Defendants have significant, continuous, and

pervasive contacts with the State of California.  Defendants Smartpay Leasing, Inc. and Billfloat,

Inc. are registered with the California Secretary of State to conduct business within California.

14.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants

transact significant business within this District.  Defendants Smartpay Leasing, Inc., Better

Finance, Inc., and Billfloat, Inc. are also headquartered in this District.  Venue is also proper

under 28 U.S.C. § 1391(c) because Defendants are subject to personal jurisdiction in this

District.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C. § 227**

15.     In 1991, Congress enacted the TCPA in response to a growing number of

consumer complaints regarding certain telemarketing practices.

16.     The TCPA regulates, among other things, the use of automated telephone

equipment, or "autodialers," defined as equipment which "has the capacity … (a) to store or

product telephone number to be called, using a random or sequential number generator; and (b)

to dial such numbers." 47 U.S.C. § 227(a)(1).  Specifically, the plain language of section

227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the

absence of an emergency or the prior express consent of the called party.

17.     According to findings by the Federal Communications Commission ("FCC"), the

agency Congress vested with authority to issue regulations implementing the TCPA, such calls

are prohibited because, as Congress found, automated or prerecorded telephone calls are a

greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and

inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls

whether they pay in advance or after the minutes are paid.

18.     On January 4, 2008, the FCC released a Declaratory Ruling confirming that

autodialed and prerecorded message calls to a wireless number by (or on behalf of) a creditor are

permitted *only* if that calls are made with the "prior express consent" of the called party.  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."  Further, even where a wireless subscriber initially grants a creditor express consent to be called through the use of an auto-dialer, a wireless subscriber can revoke express consent orally under the TCPA.  Thus, the TCPA equally outlaws the use of autodialed calls to a wireless number where the called party has revoked consent to be called at that wireless phone number.

## **FACTUAL ALLEGATIONS**

Plaintiff Arviso

19.      At all relevant times, Arviso was an individual residing in the State of California.  Plaintiff Arviso is a "person" as defined by 47 U.S.C. § 153(39).

20.      Plaintiff Arviso has been a customer of Defendant Smartpay Leasing, Inc. in the past, but has not owed any debt to Smartpay Leasing, Inc. for at least six months.  Plaintiff Arviso has not owed Defendant Smartpay Leasing, Inc. any debt during any time that Defendants called her cellular phone using an automatic dialer as alleged herein.  Smartpay Leasing has never contacted her, in any manner, concerning any debt owed.  Plaintiff Arviso has never consented in writing, or otherwise, to receive calls to her cellular phone from Smartpay Leasing, Inc. concerning anything other than a debt owed.

21.      Prior to the automated calls at issue in this action, Plaintiff Arviso has not had any contact with, or been a customer of, Defendants Better Finance, Inc. or Billfloat, Inc.  Plaintiff Arviso has never consented in writing, or otherwise, to receive calls to her cellular phone from Better Finance, Inc. or Billfloat, Inc.  Plaintiff Arviso has never provided Defendants Better Finance, Inc. or Billfloat, Inc. her cellphone number.

22.      Plaintiff Arviso's cellular phone number is listed on the National Do Not Call registry.

23.     The following chart shows each time and date that Defendants called Plaintiff Arviso on her cellular phone using an automatic dialer without her prior express consent.  The chart also states the phone number Defendants used to place such calls.

**Log of Automated Calls to Plaintiff Arviso's Cellular Telephone Number**

| Defendants' Phone Number | Time of Call |
| --- | --- |
| 8887827997 | 5/20/2015 at 8:46 a.m. |
| 8887827997 | 5/20/2015 at 12:38 p.m. |
| 8887827997 | 5/20/2015 at 3:55 p.m. |
| 8887827997 | 5/21/2015 at 8:06 a.m. |
| 4153750956 | 6/16/2015 at 12:45 p.m. |
| 4153750956 | 6/16/2015 at 1:10 p.m. |
| 4153750956 | 6/16/2015 at 1:25 p.m. |
| 4153750956 | 6/16/2015 at 4:25 p.m. |
| 4153750956 | 6/17/2015 at 8:13 a.m. |
| 4153750956 | 6/17/2015 at 8:28 a.m. |
| 4153750956 | 6/17/2015 at 8:50 a.m. |
| 4153750956 | 6/17/2015 at 12:32 p.m. |
| 4153750956 | 6/17/2015 at 2:08 p.m. |
| 4153750956 | 6/18/2015 at 9:17 a.m. |
| 4153750956 | 6/18/2015 at 9:24 a.m. |
| 4153750956 | 6/18/2015 at 10:39 a.m. |
| 4153750956 | 6/18/2015 at 10:47 a.m. |
| 4153750956 | 6/18/2015 at 12:30 p.m. |
| 4153750956 | 6/19/2015 at 8:02 a.m. |
| 4153750956 | 6/19/2015 at 8:06 a.m. |
| 4153750956 | 6/19/2015 at 10:39 a.m. |
| 4153750956 | 6/19/2015 at 10:50 a.m. |

| | |
|---|---|
| 4153750956 | 6/19/2015 at 12:12 p.m. |
| 4153750956 | 6/20/2015 at 8:03 a.m. |
| 4153750956 | 6/20/2015 at 8:26 a.m. |
| 4153750956 | 6/20/2015 at 11:34 a.m. |
| 4153750956 | 6/20/2015 at 11:45 a.m. |
| 4153750956 | 6/22/2015 at 9:05 a.m. |
| 4153750956 | 6/22/2015 at 9:14 a.m. |
| 4153750956 | 6/22/2015 at 10:53 a.m. |
| 4153750956 | 6/22/2015 at 2:10 p.m. |
| 4153750956 | 6/22/2015 at 2:44 p.m. |
| 4153750956 | 6/23/2015 at 12:23 p.m. |
| 4153750956 | 6/23/2015 at 12:43 p.m. |
| 4153750956 | 6/23/2015 at 2:10 p.m. |
| 4153750956 | 6/23/2015 at 3:29 p.m. |
| 4153750956 | 6/24/2015 at 8:56 a.m. |
| 4153750956 | 6/24/2015 at 9:04 a.m. |
| 4153750956 | 6/24/2015 at 10:50 a.m. |
| 4153750956 | 6/24/2015 12:26 p.m. |
| 4153750956 | 6/24/2015 at 1:24 p.m. |
| 4153750956 | 6/25/2015 at 8:46 a.m. |
| 4153750956 | 6/25/2015 at 8:52 a.m. |
| 4153750956 | 6/25/2015 at 10:23 a.m. |
| 4153750956 | 6/25/2015 at 11:52 a.m. |
| 4153750956 | 6/25/2015 at 11:56 a.m. |
| 4153750956 | 6/26/2015 at 9:06 a.m. |
| 4153750956 | 6/26/2015 at 9:15 a.m. |
| 4153750956 | 6/26/2015 at 10:53 a.m. |

| | |
|---|---|
| 4153750956 | 6/26/2015 at 12:19 p.m. |
| 4153750956 | 6/26/2015 at 12:55 p.m. |
| 4153750956 | 6/27/2015 at 10:10 a.m. |
| 4153750956 | 6/27/2015 at 11:56 a.m. |
| 4153750956 | 6/29/2015 at 9:53 a.m. |
| 4153750956 | 6/29/2015 at 9:57 a.m. |
| 4153750956 | 6/29/2015 at 10:47 a.m. |
| 4153750956 | 6/30/2015 at 8:22 a.m. |
| 4153750956 | 6/30/2015 at 8:41 a.m. |
| 4153750956 | 6/30/2015 at 8:55 a.m. |
| 4153750956 | 6/30/2015 at 11:48 a.m. |
| 4153750956 | 6/30/2015 at 1:29 p.m. |
| 4153750956 | 7/01/2015 at 9:59 a.m. |
| 4153750956 | 7/01/2015 at 10:04 a.m. |
| 4153750956 | 7/01/2015 at 11:40 a.m. |
| 4153750956 | 7/01/2015 at 12:56 p.m. |
| 4153750956 | 7/01/2015 at 1:46 p.m. |
| 4153750956 | 7/03/2015 at 8:59 a.m. |
| 4153750956 | 7/03/2015 at 9:25 a.m. |
| 4153750956 | 7/03/2015 at 11:53 a.m. |
| 4153750956 | 7/03/2015 at 2:41 p.m. |
| 4153750956 | 7/03/2015 at 4:28 p.m. |
| 4153750956 | 7/04/2015 at 8:04 a.m. |
| 4153750956 | 7/04/2015 at 8:09 a.m. |
| 4153750956 | 7/07/2015 at 11:29 a.m. |
| 4153750956 | 7/08/2015 at 10:08 a.m. |
| 4153750956 | 7/08/2015 at 10:32 a.m. |

| | |
|---|---|
| 4153750956 | 7/08/2015 at 10:44 a.m. |
| 4153750956 | 7/09/2015 at 9:18 a.m. |
| 4153750956 | 7/09/2015 at 9:44 a.m. |
| 4153750956 | 7/09/2015 at 11:54 a.m. |
| 4153750956 | 7/09/2015 at 12:06 p.m. |
| 4153750956 | 7/09/2015 at 1:46 p.m. |
| 4153750956 | 7/10/2015 at 8:18 a.m. |
| 4153750956 | 7/10/2015 at 8:36 a.m. |
| 4153750956 | 7/10/2015 at 10:34 a.m. |
| 4153750956 | 7/10/2015 at 2:47 p.m. |
| 4153750956 | 7/10/2015 at 4:45 p.m. |
| 4153750956 | 7/11/2015 at 8:27 a.m. |
| 4153750956 | 7/11/2015 at 8:50 a.m. |
| 4153750956 | 7/11/2015 at 9:00 a.m. |
| 4153750956 | 7/11/2015 at 12:05 p.m. |
| 4153750956 | 7/11/2015 at 1:15 p.m. |
| 4153750956 | 7/12/2015 at 9:47 a.m. |
| 4153750956 | 7/12/2015 at 9:47 a.m. |
| 4153750956 | 7/14/2015 at 12:02 p.m. |
| 4153750956 | 7/14/2015 at 12:30 p.m. |
| 4153750956 | 7/15/2015 at 8:13 a.m. |
| 4153750956 | 7/15/2015 at 8:29 a.m. |
| 4153750956 | 7/15/2015 at 8:37 a.m. |
| 4153750956 | 7/15/2015 at 10:35 a.m. |
| 4153750956 | 7/15/2015 at 1:03 p.m. |
| 4153750956 | 7/16/2015 at 10:30 a.m. |
| 4153750956 | 7/16/2015 at 10:39 a.m. |

| | |
|---|---|
| 4153750956 | 7/16/2015 at 12:04 p.m. |
| 4153750956 | 7/16/2015 at 12:59 p.m. |
| 4153750956 | 7/16/2015 at 1:45 p.m. |
| 4153750956 | 7/17/2015 at 10:50 a.m. |
| 4153750956 | 7/17/2015 at 10:56 a.m. |
| 4153750956 | 7/17/2015 at 1:43 p.m. |
| 4153750956 | 7/17/2015 at 3:56 p.m. |
| 4153750956 | 7/17/2015 at 4:56 p.m. |
| 4153750956 | 7/18/2015 at 9:53 a.m. |
| 4153750956 | 7/18/2015 at 10:02 a.m. |
| 4153750956 | 7/18/2015 at 12:40 p.m. |
| 4153750956 | 7/18/2015 at 3:35 p.m. |
| 4153750956 | 7/18/2015 at 5:49 p.m. |
| 4153750956 | 7/19/2015 at 11:41 a.m. |
| 4153750956 | 7/21/2015 at 8:04 a.m. |
| 4153750956 | 7/21/2015 at 8:20 a.m. |
| 4153750956 | 7/21/2015 at 12:10 p.m. |
| 4153750956 | 7/21/2015 at 12:19 p.m. |
| 4153750956 | 7/21/2015 at 2:53 p.m. |
| 4153750956 | 7/22/2015 at 9:24 a.m. |
| 4153750956 | 7/22/2015 at 9:44 a.m. |
| 4153750956 | 7/22/2015 at 9:54 a.m. |
| 4153750956 | 7/22/2015 at 12:55 p.m. |
| 4153750956 | 7/22/2015 at 3:41 p.m. |
| 4153750956 | 7/23/2015 at 11:03 a.m. |
| 4153750956 | 7/23/2015 at 11:09 a.m. |
| 4153750956 | 7/23/2015 at 1:43 p.m. |

| 4153750956 | 7/23/2015 at 2:53 p.m. |
|---|---|
| 4153750956 | 7/24/2015 at 1:47 p.m. |
| 4153750956 | 7/24/2015 at 1:53 p.m. |
| 4153750956 | 7/24/2015 at 2:01 p.m. |
| 4153750956 | 7/24/2015 at 4:21 p.m. |
| 4153750956 | 7/25/2015 at 8:44 a.m. |
| 4153750956 | 7/25/2015 at 9:06 a.m. |
| 4153750956 | 7/25/2015 at 9:36 a.m. |
| 4153750956 | 7/25/2015 at 12:11 p.m. |
| 4153750956 | 7/25/2015 at 2:44 p.m. |
| 4153750956 | 7/28/2015 at 10:40 a.m. |
| 4153750956 | 7/28/2015 at 10:45 a.m. |
| 4153750956 | 7/28/2015 at 12:54 p.m. |
| 4153750956 | 7/28/2015 at 2:53 p.m. |
| 4153750956 | 7/28/2015 at 4:30 p.m. |
| 4153750956 | 7/29/2015 at 11:36 a.m. |
| 4153750956 | 7/29/2015 at 11:42 a.m. |
| 4153750956 | 7/29/2015 at 2:42 p.m. |
| 4153750956 | 7/29/2015 at 4:08 p.m. |
| 4153750956 | 7/30/2015 at 9:48 a.m. |
| 4153750956 | 7/30/2015 at 9:53 a.m. |
| 4153750956 | 7/30/2015 at 10:45 a.m. |
| 4153750956 | 7/30/2015 at 12:43 p.m. |
| 4153750956 | 7/30/2015 at 2:39 p.m. |
| 4153750956 | 7/30/2015 at 2:40 p.m. |
| 4153750956 | 7/31/2015 at 9:21 a.m. |
| 4153750956 | 7/31/2015 at 1:34 p.m. |

| | |
|---|---|
| 4153750956 | 7/31/2015 at 3:28 p.m. |
| 4153750956 | 7/31/2015 at 3:33 p.m. |
| 4153750956 | 8/01/2015 at 8:05 a.m. |
| 4153750956 | 8/01/2015 at 8:26 a.m. |
| 4153750956 | 8/01/2015 at 8:35 a.m. |
| 4153750956 | 8/01/2015 at 12:24 p.m. |
| 4153750956 | 8/01/2015 at 2:45 p.m. |
| 4153750956 | 8/04/2015 at 10:04 a.m. |
| 4153750956 | 8/04/2015 at 10:13 a.m. |
| 4153750956 | 8/04/2015 at 1:49 p.m. |
| 4153750956 | 8/05/2015 at 8:02 a.m. |
| 4153750956 | 8/05/2015 at 8:06 a.m. |
| 4153750956 | 8/05/2015 at 11:42 a.m. |
| 4153750956 | 8/05/2015 at 1:56 p.m. |
| 4153750956 | 8/06/2015 at 10:32 a.m. |
| 4153750956 | 8/06/2015 at 10:49 a.m. |
| 4153750956 | 8/06/2015 at 11:03 a.m. |
| 4153750956 | 8/06/2015 at 3:22 p.m. |
| 4153750956 | 8/08/2015 at 10:36 a.m. |
| 4153750956 | 8/08/2015 at 10:43 a.m. |
| 4153750956 | 8/08/2015 at 12:54 p.m. |
| 4153750956 | 8/08/2015 at 4:22 p.m. |
| 4153750956 | 8/09/2015 at 1:00 p.m. |
| 4153750956 | 8/09/2015 at 1:44 p.m. |
| 4153750956 | 8/11/2015 at 8:28 a.m. |
| 4153750956 | 8/11/2015 at 8:43 a.m. |
| 4153750956 | 8/11/2015 at 12:25 p.m. |

| | |
|---|---|
| 4153750956 | 8/11/2015 at 3:31 p.m. |
| 4153750956 | 8/12/2015 at 8:23 a.m. |
| 4153750956 | 8/13/2015 at 10:56 a.m. |
| 4153750956 | 8/13/2015 at 11:05 a.m. |
| 4153750956 | 8/13/2015 at 11:12 a.m. |
| 4153750956 | 8/14/2015 at 10:32 a.m. |
| 4153750956 | 8/14/2015 at 10:39 a.m. |
| 4153750956 | 8/14/2015 at 1:36 p.m. |
| 4153750956 | 8/15/2015 at 8:23 a.m. |
| 4153750956 | 8/15/2015 1:11 p.m. |
| 4153750956 | 8/15/2015 at 4:30 p.m. |
| 4153750956 | 8/16/2015 at 2:18 p.m. |
| 4153750956 | 8/16/2015 at 2:27 |
| 4153750956 | 8/18/2015 at 12:21 p.m. |
| 4153750956 | 8/18/2015 at 1:23 p.m. |
| 4153750956 | 8/19/2015 at 8:01 a.m. |
| 4153750956 | 8/19/2015 at 8:03 a.m. |
| 4153750956 | 8/19/2015 at 1:15 p.m. |
| 4153750956 | 8/20/2015 at 8:02 a.m. |
| 4153750956 | 8/20/2015 at 8:06 a.m. |
| 4153750956 | 8/20/2015 at 11:06 a.m. |
| 4153750956 | 8/20/2015 at 11:23 a.m. |
| 4153750956 | 8/20/2015 at 2:29 p.m. |
| 4153750956 | 8/21/2015 at 9:24 a.m. |
| 4153750956 | 8/21/2015 at 9:59 a.m. |
| 4153750956 | 8/21/2015 at 1:34 p.m. |
| 4153750956 | 8/21/2015 at 1:44 p.m. |

| | |
|---|---|
| 4153750956 | 8/22/2015 at 9:18 a.m. |
| 4153750956 | 8/22/2015 at 9:50 a.m. |
| 4153750956 | 8/22/2015 at 3:19 p.m. |
| 4153750956 | 8/22/2015 at 3:36 p.m. |
| 4153750956 | 8/23/2015 at 12:07 p.m. |
| 4153750956 | 8/24/2015 at 2:37 p.m. |
| 4153750956 | 8/25/2015 at 8:22 a.m. |
| 4153750956 | 8/25/2015 at 8:37 a.m. |
| 4153750956 | 8/25/2015 at 10:09 a.m. |
| 4153750956 | 8/25/2015 at 10:27 a.m. |
| 4153750956 | 8/25/2015 at 11:35 a.m. |
| 4153750956 | 8/25/2015 at 1:49 p.m. |
| 4153750956 | 8/26/2015 at 8:03 a.m. |
| 4153750956 | 8/26/2015 at 11:28 a.m. |
| 4153750956 | 8/26/2015 at 11:33 a.m. |
| 4153750956 | 8/26/2015 at 2:43 p.m. |
| 4153750956 | 8/27/2015 at 10:05 a.m. |
| 4153750956 | 8/27/2015 at 10:20 a.m. |
| 4153750956 | 8/27/2015 at 1:03 p.m. |

24.     In total, Defendants called Plaintiff Arviso at least 230 times using an autodialer without her prior express consent, as set out above.  A live person did not make or initiate a single one of the phone calls made to Plaintiff Arviso's cellular phone.  Instead, a connection was made but no one responded when Plaintiff Arviso would inquire as to who was calling her. Towards the beginning of Defendants' harassing campaign of automated calls, Plaintiff Arviso verbally said to stop calling her when she answered the phone, hoping that a live person would intercept her message should such a call be recorded.

25.     On July 30, 2015, at 2:38 p.m., Plaintiff Arviso dialed 4153750956, the number from which she had been receiving the bulk of the automated calls.  Once connected, Plaintiff Arviso followed the automated instructions to stop receiving any calls from the number in the future.  Plaintiff Arviso followed such instructions and affirmatively represented to Defendants that she no longer wished to receive calls on her cellular phone and that she was revoking her consent to receive such calls, even though no prior express consent had ever been given.

26.     After Plaintiff Arviso's call and revocation of consent, Defendants called Plaintiff Arviso's cellular telephone at least 77 more times using an automated dialing system, as set out in the call chart above.

Plaintiff Weaver

27.     At all relevant times, Weaver was an individual residing in the State of New York.  Plaintiff Arviso is a "person" as defined by 47 U.S.C. § 153(39).

28.     Plaintiff Weaver has been a customer of Defendant Smartpay Leasing, Inc. in the past, but has not owed any debt to Smartpay Leasing, Inc. for at least six months.  Plaintiff Weaver has not owed Defendant Smartpay Leasing, Inc. any debt during any time that Smartpay Leasing called her cellular phone using an automatic dialer as alleged herein.  Smartpay Leasing has never contacted her, in any manner, concerning any debt owed.  Plaintiff Weaver has never consented in writing, or otherwise, to receive calls to her cellular phone from Smartpay Leasing, Inc concerning anything other than a debt owed.

29.     Prior to receiving the automated calls at issue in this action, Plaintiff Weaver has not had any contact with, or been a customer of, Defendants Better Finance, Inc. or Billfloat, Inc. Plaintiff Weaver has never consented in writing, or otherwise, to receive calls to her cellular phone from Better Finance, Inc. or Billfloat, Inc.  Plaintiff Weaver has never provided Defendants Better Finance, Inc. or Billfloat, Inc. her cellular phone number.

30.     Plaintiff Weaver's cellular phone number is listed on the National Do Not Call registry.

31.     The following chart shows each time and date that Defendants called Plaintiff Weaver on her cellular phone using an automatic dialer without her prior express consent.  The chart also states the phone number Defendants used to place such calls.

**Log of Automated Calls to Plaintiff Weaver's Cellular Telephone Number**

| Defendants' Phone Number | Time of Call |
|---|---|
| 4153750956 | 7/10/2015 at 1:46 p.m. |
| 4153750956 | 7/10/2015 at 3:24 p.m. |
| 4153750956 | 7/13/2015 at 10:27 a.m. |
| 4153750956 | 7/13/2015 at 12:37 p.m. |
| 4153750956 | 7/13/2015 at 2:02 p.m. |
| 4153750956 | 7/13/2015 at 11:42 a.m. |
| 4153750956 | 7/14/2015 at 1:38 p.m. |
| 4153750956 | 7/14/2015 at 4:10 p.m. |
| 4153750956 | 7/14/2015 at 4:30 p.m. |
| 4153750956 | 7/15/2015 at 10:29 a.m. |
| 4153750956 | 7/15/2015 at 10:36 a.m. |
| 4153750956 | 7/15/2015 at 12:04 p.m. |
| 4153750956 | 7/15/2015 at 12:12 p.m. |
| 4153750956 | 7/15/2015 at 2:03 p.m. |
| 4153750956 | 7/16/2015 at 10:26 a.m. |
| 4153750956 | 7/16/2015 at 12:01 p.m. |
| 4153750956 | 7/16/2015 at 2:30 p.m. |
| 4153750956 | 7/16/2015 at 2:58 p.m. |
| 4153750956 | 7/17/2015 at 10:35 a.m. |
| 4153750956 | 7/17/2015 at 10:50 a.m. |
| 4153750956 | 7/17/2015 at 10:55 a.m. |

| | |
|---|---|
| 4153750956 | 7/17/2015 at 1:26 p.m. |
| 4153750956 | 7/17/2015 at 4:04 p.m. |
| 4153750956 | 7/20/2015 at 12:42 p.m. |
| 4153750956 | 7/20/2015 at 12:54 p.m. |
| 4153750956 | 7/20/2015 at 3:30 p.m. |
| 4153750956 | 7/20/2015 at 6:06 p.m. |
| 4153750956 | 7/21/2015 at 4:07 p.m. |
| 4153750956 | 7/21/2015 at 6:52 p.m. |
| 4153750956 | 7/22/2015 at 11:01 a.m. |
| 4153750956 | 7/22/2015 at 11:13 a.m. |
| 4153750956 | 7/22/2015 at 2:35 p.m. |
| 4153750956 | 7/22/2015 at 5:15 p.m. |
| 4153750956 | 7/22/2015 at 6:34 p.m. |
| 4153750956 | 7/23/2015 at 10:55 a.m. |
| 4153750956 | 7/23/2015 at 11:06 a.m. |
| 4153750956 | 7/23/2015 at 2:35 p.m. |
| 4153750956 | 7/23/2015 at 5:27 p.m. |
| 4153750956 | 7/23/2015 at 7:50 p.m. |
| 4153750956 | 7/24/2015 at 12:45 p.m. |
| 4153750956 | 7/24/2015 at 12:58 p.m. |
| 4153750956 | 7/24/2015 at 3:30 p.m. |
| 4153750956 | 7/24/2015 at 5:55 p.m. |
| 4153750956 | 7/27/2015 at 2:05 p.m. |
| 4153750956 | 7/27/2015 at 4:16 p.m. |
| 4153750956 | 7/27/2015 at 6:03 p.m. |
| 4153750956 | 7/28/2015 at 10:15 a.m. |
| 4153750956 | 7/28/2015 at 10:28 a.m. |

| 4153750956 | 7/28/2015 at 6:11 p.m. |
|---|---|
| 4153750956 | 7/29/2015 at 10:29 a.m. |
| 4153750956 | 7/31/2015 at 11:53 a.m. |
| 4153750956 | 7/31/2015 at 3:34 p.m. |
| 4153750956 | 7/31/2015 at 5:56 p.m. |
| 4153750956 | 8/03/2015 at 9:43 a.m. |
| 4153750956 | 8/03/2015 at 1:46 p.m. |
| 4153750956 | 8/04/2015 at 11:26 a.m. |
| 4153750956 | 8/05/2015 at 2:50 p.m. |
| 4153750956 | 8/06/2015 at 11:24 a.m. |
| 4153750956 | 8/07/2015 at 10:57 a.m. |
| 4153750956 | 8/07/2015 at 4:16 p.m. |

32.     In total, Defendants called Plaintiff Weaver at least 60 times using an autodialer without her prior express consent, as set out above.  A live person did not make or initiate a single one of the phone calls made to Plaintiff Weaver's cellular phone.  Instead, a connection was made but no one responded when Plaintiff Weaver would inquire as to who was calling her.  Because such calls were autodialed and no live person ever answered the phone, Ms. Weaver did not have an ability to request that the calls end or to voice her complaints to a real person during the aforementioned calls.

Plaintiffs' Joint Allegations

33.     Defendants are, and at all times mentioned herein were, "persons" as defined by 47 U.S.C. § 153(39).

34.     All telephone contact by Defendants to Plaintiffs on their cellular telephones occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

35.     The telephone numbers that Defendants used to contact Plaintiffs were assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

36.     Plaintiffs did not provide "prior express consent" allowing Defendants to place telephone calls to their cellular phone placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

37.     Defendants did not make telephone calls to Plaintiffs' cellular telephones "for emergency purposes" as defined in 47 U.S.C. § 227(b)(1)(A).

38.     Defendants' telephone calls to Plaintiffs' cellular telephones placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiffs' prior express consent violated 47 U.S.C. § 227(b)(1)(A).

39.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiffs provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

## CLASS ACTION ALLEGATIONS

40.     Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated.

41.     Plaintiffs propose the following Better Finance Class definition, subject to amendment as appropriate:

> All persons in the United States to whom: (a) Defendants Better Finance, Inc. or Billfloat, Inc. made one or more non-emergency telephone calls; (b) to their cellular telephone number; (c) through the use of an automatic telephone dialing system; and (d) at any time in the period that begins four years before the date of filing this Complaint to trial.

Collectively, all these persons will be referred to as "Better Finance Class members" or the "BF Class." Plaintiffs represent, and are members of, the BF Class. Excluded from the BF Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

42.     Plaintiffs also propose the following Non-Debtor Class ("ND Class") definition, subject to amendment as appropriate:

> All persons within the United States who received a non-emergency telephone call from Defendants to a cellular telephone through the use of an automatic telephone dialing

system and who did not owe a debt to Defendants at the time such call was made, at any time in the period that begins four years before the date of filing this Complaint to trial. Collectively, all these persons will be referred to as "Non-Debtor Class members." Plaintiffs represent, and are members of, the ND Class. Excluded from the ND Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

43. Plaintiffs also propose the following Internal Do-Not-Call Class ("DNC Class") definition, subject to amendment as appropriate:

> All persons within the United States (a) whose phone number is listed on Defendants' do not call Registry, (b) who received a phone call from Defendants, or on Defendants' behalf, (c) after requesting to be placed on Defendants' do not call Registry, and (d) such phone call was placed through the use of an automatic telephone dialing system to such persons' cellular telephone, (e) at any time in the period that begins four years before the date of filing this Complaint to trail.

Collectively, all these persons will be referred to as "DNC Class members." Plaintiff Arviso represents, and is a member of, the DNC Class. Excluded from the DNC Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

44. Plaintiffs do not know the exact number of members in the BF Class, ND Class, or DNC Class (collectively, "Classes"), but based on the amounts of complaints online concerning identical harassing calls as those experienced by Plaintiffs, Plaintiffs reasonably believe that the Classes are so numerous that individual joinder would be impracticable. For example, the following complaints concerning unwanted calls from Defendants' phone numbers are typical:

- "Mine calls every 3 hours and hangs up I am getting sick and tired of it, I blocked it from my cell phone but it still keeps coming in. How do you stop it."

- "This number calls multiple times in a day. When I answer there is no one on the other end. It is frustrating and annoying."

- "When I answer my phone to say hello, there's no answer on the other end so I hang up. This is more than irritating."

- "Never leaves a message [and] calls several times a day."

- "This number keeps calling and with no one on the line.  It's annoying and I DESIRE for this number to stop calling my phone."[1]

45.     Plaintiffs and all members of the Classes have been harmed by the acts of Defendants, both through incurring charges as a result of Defendants' harassing calls and due to statutory violations set out herein.

46.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The Classes can be identified easily through records maintained by Defendants.

47.     There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predomincate over questions which may affect individual members of the Classes.  Those common questions of law and fact include, but are not limited to, the following:

a)     Whether Defendants made non-emergency calls to Plaintiffs and members of the Classes' cellular telephones using an automatic telephone dialing system;

b)     Whether Defendants can meet their burden of showing that they obtained prior express consent during the transaction that resulted in the debt owed, to make such calls;

c)     Whether Defendants Better Finance, Inc. and/or Billfloat, Inc. made non-emergency calls to Plaintiffs and members of the BF Class's cellular telephones using an automatic telephone dialing system;

d)     Whether Defendants made non-emergency calls to Plaintiff Arviso's and members of the DNC Class's cellular telephones using an automatic telephone dialing system after members of the DNC revoked any prior express consent and/or after such telephone numbers were placed on Defendants' do not call Registry;

e)     Whether Defendants were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency,

---

[1] *See* http://800notes.com/Phone.aspx/1-415-375-0956;
http://www.callercomplaints.com/SearchResult.aspx?Phone=415-375-0956.

employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants;

    f)  Whether Defendants' conduct was knowing and/or willful;

    g)  Whether Defendants are liable for damages, and the amount of such damages; and

    h)  Whether Defendants should be enjoined from engaging in such conduct in the future.

  48.  As persons who received numerous and repeated calls using an automatic telephone dialing system, without their prior express consent within the meaning of the TCPA, Plaintiffs assert claims that are typical of each member of the Classes.  Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and have no interests which are antagonistic to any member of the Classes.

  49.  Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including class action claims under the TCPA.

  50.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendants to comply with the TCPA.  The interest of the members of the Classes in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

  51.  Defendants have acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole appropriate.  Moreover, on information and belief, Plaintiffs allege that the TCPA

---

violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

**(On Behalf of All Plaintiffs and members of the Classes)**

52.     Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

53.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

54.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and members of the Classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

55.     Plaintiffs and members of the Classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

56.     Plaintiffs and members of the Classes are also entitled to an award of attorneys' fees and costs.

### SECOND COUNT

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

**(On Behalf of All Plaintiffs and members of the Classes)**

57.     Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

58.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

59.     As a result of Defendants' violations of 47 U.S.C. § 227 *et seq*., Plaintiffs and members of the Classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

60.     Plaintiffs and all members of the Classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

61.     Plaintiffs and members of the Classes are also entitled to an award of attorneys' fees and costs.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all members of the Classes the following relief against Defendants:

A.     Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

B.     As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each member of the Classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C.     As a result of Defendants' violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each member of the Classes $500.00 in statutory damages for each and every call that violated the TCPA;

D.     An award of attorneys' fees and costs to counsel for Plaintiffs and the Classes;

E.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes, finding that Plaintiffs are proper representatives of the Classes, and appointing the lawyers and law firm representing Plaintiffs as counsel for the Classes;

F.     Such other relief as the Court deems just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

1
2
3
4

Dated:  September 8, 2015

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:     /s/ Yeremey Krivoshey

5
6
7
8
9
10

Scott A. Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: scott@bursor.com
          ltfisher@bursor.com
          apersinger@bursor.com
          ykrivoshey@bursor.com

11

*Attorneys for Plaintiffs*

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28