UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LINDA ARVISO, et al.,

Plaintiffs,

v.

SMARTPAY LEASING, INC.,

Defendant.

Case No. 15-cv-04087-TEH

**ORDER DENYING DEFENDANT'S MOTION TO STAY DISCOVERY**

This matter came before the Court on February 29, 2016, for a hearing on Defendant's motion to stay discovery. Having carefully considered the parties' written and oral arguments, the Court now DENIES Defendant's motion and ORDERS that limited discovery proceed for the reasons set forth below.

**BACKGROUND**

Plaintiff Linda Arviso ("Plaintiff") filed her Amended Class Action Complaint on October 27, 2015, alleging violations of the federal Telephone Consumer Protection Act ("TCPA") and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). Amended Class Action Complaint ("Am. Compl.") (Docket No. 10). Plaintiff alleges that Defendant contacted members of the putative class using an "automatic telephone dialing system," or "autodialer," without their prior express consent, in violation of the TCPA. *Id.* ¶¶ 1-2. Furthermore, Plaintiff alleges that Defendant's "campaign of harassment in an attempt to coerce payment of consumer debts" constituted abusive, deceptive and unfair practices in violation of the Rosenthal Act. *Id.* ¶ 3.

///

///

Defendant Smartpay Leasing ("Defendant," or "Smartpay") is a former business line of Billfloat, Inc. ("Billfloat"), and operated as Billfloat's subsidiary during the relevant time period alleged in the Amended Complaint. Motion to Stay Discovery ("Mot.") at 3 n.1 (Docket No. 30). Defendant contends that Plaintiff entered into a written agreement with Billfloat for the lease-purchase of a cell phone, and that because the agreement contained an arbitration clause, Plaintiff's claims must be resolved in arbitration. Defendant filed a motion to compel arbitration on December 28, 2015, accompanied by a declaration from Alan Crystal, Billfloat's Vice President of Finance.[1]

On December 30, 2015, Plaintiff's counsel emailed a Deposition Notice to Defendant's counsel, seeking to depose Mr. Crystal. Mot. at 3. On January 5, 2016, Plaintiff emailed a set of interrogatories and document production requests to Defendant's counsel. *Id.* at 3-4. On January 19, 2016, Defendant filed the instant motion to stay discovery while the motion to compel arbitration is pending. On January 29, 2016, the Court, pursuant to the parties' stipulation, vacated the arbitration motion's hearing pending resolution of the instant discovery motion. (Docket No. 32.)

**LEGAL STANDARD**

District courts have the inherent power to stay discovery as a matter of controlling their own docket and calendar. *Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Furthermore, the Federal Arbitration Act ("FAA") mandates stays of proceedings in district courts when an issue in the proceeding is arbitrable. 9 U.S.C. § 3. Indeed, it is a common practice for district courts to stay discovery while a motion to compel arbitration is pending. *See, e.g., Ross v. Bank of Am., N.A.*, 2006 WL 36909, at *1 (S.D.N.Y. 2006); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1281 (D. Colo. 2004); *Intertec Contracting v. Turner Steiner Int'l, S.A.*, No. 98-CV-9116, 2001 WL

---

[1] Both parties refer extensively to the contents of the motion to compel arbitration as well as the Crystal Declaration; thus, the Court may consider these documents as incorporated by reference. *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

2

812224, at *7 (S.D.N.Y. 2001).

While the FAA allows only limited discovery in connection with a motion to compel arbitration, discovery may be permitted "if the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (quoting 9 U.S.C. § 4).[2]

When considering whether to issue a stay, courts generally consider four factors: (1) the likelihood of success on the merits of the moving party's claim; (2) whether the moving party will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the non-moving party; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

**DISCUSSION**

**I.     Defendant Has Not Met its Burden of Showing that a Stay Is Warranted**

Because limited discovery as to the making of the arbitration agreement is permitted under the FAA, the Court need not rely exhaustively on the stay factors. However, even considering the factors, Defendant has not met its burden to show that a stay of discovery is warranted.

First, as examined in more detail below, the Court finds that it will be unable to assess the merits of the motion to compel arbitration absent some discovery as to contract formation. The facts before the court do not "clearly demonstrate[]" that a contract existed between Plaintiff and Defendant. Therefore, Defendant has not made a strong showing on the first stay factor.

///

---

[2]     Allowing discovery on the formation of the agreement logically follows when considering the Court's limited inquiry on a motion to compel arbitration. The Court decides "(1) whether a valid agreement to arbitrate exists; and if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000).

1    Turning to the second and third stay factors, Defendant contends that it will be
2 irreparably injured because "the advantages of arbitration – speed and economy – are lost
3 forever" when discovery is permitted. *Winig, v. Cingular Wireless, LLC*, 2006 WL
4 3201047, at *2 (N.D. Cal. Nov. 6, 2006). This statement is true; however, it is unclear
5 whether such injury would be irreparable, especially with the possibility of strictly limiting
6 discovery. *See Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) ("Monetary
7 harm does not constitute irreparable injury."). It is clear to the court, however, that forcing
8 Plaintiff to submit her claims to arbitration when she did not enter into an arbitration
9 agreement would constitute irreparable injury by denying her a day in court.

10   Finally, Defendant makes no compelling argument as to the public interest, besides
11 the advancement of judicial economy. Judicial economy does not outweigh a litigant's
12 right to her day in court; therefore, Defendant has not made a strong showing on the fourth
13 and final stay factor, and has not demonstrated that a stay is warranted.

## II. Whether a Contract Was Formed Is a Disputed Issue in this Case

Plaintiff contends in her Amended Complaint that she "purchased the cell phone using cash." Am. Compl. ¶ 16. Mr. Crystal's declaration states that Plaintiff "completed an electronic application for a lease-purchase agreement to obtain a Kyocera Hydro cellular phone via Billfloat's website." Crystal Decl. ¶ 20. Plaintiff alleges that she "has never seen or visited Defendant's website." Am. Compl. ¶ 17. Furthermore, the purported contract does not contain Plaintiff's signature, but instead was "signed" by someone checking a box. Plaintiff contends that "without discovery, Plaintiff has no opportunity to examine whether Defendant's employees check this box for prospective customers." Finally, Plaintiff disputes many of the assertions in Mr. Crystal's declaration, and contends that she will be "grossly prejudiced" if she is unable to question Mr. Crystal concerning the unadorned assertions in his declaration." Opp'n at 4.

///
///

Considering the parties' briefing, the Court finds that there are factual disputes as to the formation of the purported contract such that contract formation is at issue in this case. Furthermore, as a consumer, Plaintiff is in a position where she does not have the majority of the information she needs to support her contention that she never signed an agreement, such as information about Defendant's application and approval processes, Defendant's methods of receiving customer information, and the existence of any receipts or records of cash sales. Additionally, many of the assertions in Mr. Crystal's declaration concern contract formation. *See* Crystal Decl. ¶¶ 19-29. Plaintiff should be permitted to depose Mr. Crystal about to his statements regarding formation of the purported contract, but should not be permitted to take a full-length deposition with no subject matter restrictions that might include questions about the merits of the underlying claims.

If the Court were to grant Defendant's motion to stay discovery, the Court would then turn to the motion to compel arbitration, and its first inquiry would be whether a valid arbitration agreement exists. *Cox*, 533 F.3d at 1119. Whether a valid arbitration agreement exists depends on contract concepts and defenses, and thus the court would have to consider whether a contract was actually formed. 9 U.S.C. § 2. Solely considering the facts before the Court at this time, the Court would not be able to determine whether, for example, there was an offer, acceptance and consideration; and thus would be unable to determine with certainty whether a valid arbitration agreement exists. Therefore, the Court will permit some discovery as to the disputes identified above. *See, e.g., Hoffman v. Citibank (South Dakota), N.A.*, 546 F.3d 1078, 1085 (9th Cir. 2008) (remanding to district court for additional fact finding regarding validity of contract).

### III. Plaintiff May Conduct Discovery That Is Limited to Contract Formation

This ruling should not be construed to allow Plaintiff to embark on a fishing expedition. The Court reiterates that there will be no merits discovery. For example, there is no reason for Plaintiff to request phone records as to all 230 alleged autodialer-placed phone calls. Such an inquiry would go to whether Defendant engaged in the harassing

5

behavior alleged by the underlying claims.  Furthermore, Plaintiff will not be allowed to conduct discovery related to any other customers.

At oral argument, Plaintiff's counsel contended that Request for Production Nos. 1-4 and Interrogatory Nos. 2 and 3 relate to a phone call that Defendants contend ratified the agreement between Plaintiff and Defendant.  Plaintiff's counsel conceded that he did not find any such phone call indicative of contract formation, but stated that he propounded the discovery requests simply because Defendant relied upon the phone call in its motion to compel arbitration.  Plaintiff's counsel stated that if the Court found that such purported ratification is not relevant to the issue of contract formation, he would withdraw those requests.  As stated at oral argument, the Court finds that any such ratification is not relevant to contract formation; thus, there shall be no discovery related to the phone call.

Furthermore, the Court will allow interrogatories and/or requests for production relating to Defendant's relationship with MetroPCS, but only as it relates to information Defendant may have received from MetroPCS about Plaintiff, not generally as to the relationship between Defendant and MetroPCS.  Thus, as currently phrased, Request for Production No. 8 and Interrogatory Nos. 4 and 5 are overbroad.

At oral argument, the Court entreated Plaintiff's counsel to begin drafting new requests for production, interrogatories, and a notice of deposition that are tailored to the narrow issue of contract formation.  Plaintiff shall do so using the above examples and this Order for guidance.  IT IS HEREBY ORDERED that Plaintiff shall serve the new discovery requests on Defendant no later than **March 24, 2016**.

**CONCLUSION**

For the reasons discussed above, the Court hereby DENIES Defendant's motion to stay discovery.  Discovery shall proceed, but shall be strictly limited to the issue of contract formation.

///

///

1 After limited discovery pursuant to this Order is completed, the parties shall meet
2 and confer regarding a proposed briefing schedule for Defendant's motion to compel
3 arbitration, as well as proposed hearing dates. The parties shall file a stipulation, if
4 possible, no later than 10 days after completion of the discovery setting forth a proposed
5 briefing schedule and hearing date. If the parties are unable to agree upon dates, they shall
6 file separately their proposed dates. The briefing schedule and hearing dates shall comply
7 with the Civil Local Rules.

**IT IS SO ORDERED.**

Dated: 03/03/16

_____
THELTON E. HENDERSON
United States District Judge